**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eliseo DOMINGUES–CHALPENO, aka Hipolite Domingues, aka Alejandro Rivera–Cortez, Defendant–Appellant.**

No. 12–30269.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2013.

Filed Oct. 29, 2013.

Bryan R. Whittaker, Assistant U.S., Office of the U.S. Attorneys, Helena, MT,

Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Cammi Woodward, Woodward Law Firm, PLLC, Billings, MT, for Defendant–Appellant.

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Defendant Eliseo Domingues–Chalpeno ("Domingues") appeals his jury conviction and 151–month sentence for possession of and conspiracy to possess with intent to distribute methamphetamine. He claims 1) the district court erred in admitting the government investigator's testimony concerning out-of-court statements by a hotel clerk; 2) there was insufficient evidence to support his conviction; 3) his trial counsel made an inappropriate statement before the jury; 4) he was entitled to a four-level downward sentencing adjustment as a minimal participant; and 5) his sentence was unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Assuming, without deciding, that Agent Smith's testimony regarding the hotel clerk's out-of-court statements was hearsay, its admission was harmless error. Even excluding this testimony, there was more than enough evidence introduced at

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision.

trial to allow a rational juror to find all the elements of the possession and conspiracy charges beyond a reasonable doubt. *See United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir.2004). This evidence showed that, among other things, Domingues was closely associated with his co-defendants for two or three weeks before the trip; drove twelve hours overnight, ostensibly to talk to someone about a roofing job; did not bring any tools or cold-weather clothing for the trip; spent only a few hours in Montana before beginning the return trip; checked in and out of the hotel the same morning; helped carry and purchase the materials used to hide the drugs; helped withdraw $800 from an ATM during the shopping trip; and was a passenger in a car in which almost two pounds of high-purity methamphetamine was found in a box of Tide detergent in the trunk and a bag containing Krazy Glue, knives, and loose Tide powder was found in the back seat. The evidence also showed that Domingues and his co-conspirators borrowed the car after telling the owner that they were going to the store, and when they were pulled over, they had almost no money other than the $235 they used to pay the citation for driving without a license, despite having withdrawn $800 earlier in the day. Based on this and all other evidence introduced at trial, we do not have any "grave doubt" whether Agent Smith's testimony regarding the clerk's out-of-court statements substantially affected the verdict. *See United States v. Lindsey*, 634 F.3d 541, 553 (9th Cir.2011) (citation omitted).

Based on the same evidence discussed above, there was clearly sufficient evidence to allow a rational juror to find all the elements of the possession and conspiracy charges beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir.2010) (en banc).

The district court did not err in failing to sua sponte declare a mistrial in response to defense counsel's statement before the jury that he had instructed his client not to testify. Such a statement was as likely to bias the jury in his favor as to bias the jury against him, and thus there was no plain error. *See United States v. Olano*, 507 U.S. 725, 733–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Banks*, 514 F.3d 959, 973 (9th Cir.2008).

Domingues has not shown that the district judge erred in sentencing. The district court found that Domingues was not a minimal participant under the Sentencing Guidelines. Such determination was not clearly erroneous for the same reasons there was sufficient evidence to convict Domingues. *See United States v. Cantrell*, 433 F.3d 1269, 1282–84 (9th Cir.2006). Nor was Domingues' sentence unreasonable, given the district court's discussion of Domingues' failure to accept responsibility, conviction for two serious drug offenses, participation in a group at the top of the methamphetamine "food chain," illegal presence in this country, and three separate state identification numbers. *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir.2009).

**AFFIRMED.**